**19 MAG 11594**

ORIGINAL

Approved: _____
RUSHMI BHASKARAN
Assistant United States Attorney

Before:   HONORABLE SARAH L. CAVE
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x
                                    :   **Complaint**
UNITED STATES OF AMERICA            :
          - v. -                    :   Violations of
                                    :   18 U.S.C. §§ 1951,
EDDIE WISE,                         :   924(c)(1), and 2.
                                    :
              Defendant.            :   COUNTY OF OFFENSE:
- - - - - - - - - - - - - - - - - - x   BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

   JOSÉ CHEVERE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Joint Robbery Task Force, and charges as follows:

### COUNT ONE
(Conspiracy to Commit Hobbs Act Robbery)

   1.   On or about November 13, 2019, in the Southern District of New York and elsewhere, EDDIE WISE, the defendant, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WISE agreed with another co-conspirator to commit an armed robbery of a music recording studio involved in commercial activities that affected interstate commerce in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

### COUNT TWO
(Hobbs Act Robbery)

1.  On or about November 13, 2019, in the Southern District of New York and elsewhere, EDDIE WISE, the defendant, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WISE and a co-conspirator robbed at gunpoint employees and patrons of a music recording studio involved in commercial activities that affect interstate commerce in the Bronx, New York, of cellphones, cash, personal items, and marijuana.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT THREE
(Use of a Firearm)

2.  On or about November 13, 2019, in the Southern District of New York and elsewhere, EDDIE WISE, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Complaint, knowingly did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which firearm was brandished and discharged during the robbery charged in Count Two of the Complaint.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:f9

3.  I am a Detective with the NYPD and TFO with the ATF-NYPD Joint Robbery Task Force. I have been involved in the investigation of the above-described offenses. I am familiar with the facts and circumstances set forth below based on my review of pertinent documents, and from my conversations with fellow law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.  Based on my involvement in this investigation, my review of documents and footage, and my discussions with other law enforcement agents, I know that on or about November 13, 2019, EDDIE WISE, the defendant, and a co-conspirator not named as a defendant herein ("CC-1") committed a robbery of a music recording studio involved in commercial activities that affected interstate commerce ("Studio-1") located at 1206 Morrison Avenue in the Bronx, New York. During the course of the robbery, WISE and CC-1 each brandished firearms. When WISE and CC-1 fled Studio-1 in a vehicle ("Vehicle-1") following the robbery, an employee of Studio-1 ("Employee-1") got into a vehicle ("Vehicle-2") to pursue WISE and CC-1. During the course of the vehicle chase, a firearm was discharged from Vehicle-1, striking Employee-1 in the shoulder.

5.  Based on my review of video surveillance from Studio-1, and my review of reports of interviews of Studio-1 employees and patrons, and discussions with other law enforcement officers, I have learned, in substance and in part, the following:

    a.  On or about November 13, 2019, shortly after midnight, a person later identified as EDDIE WISE, the defendant, and CC-1 entered Studio-1 through the unlocked front entrance of Studio-1 on Morrison Avenue. CC-1's face was covered by a mask. WISE, who was wearing a hooded sweatshirt underneath and open jacket with a distinctive zipper on one its arms, as well as sneakers with distinctive stripes, did not cover his face. Approximately less than ten patrons or employees (collectively, the "Studio-1 Victims"), including Employee-1, were inside Studio-1 at the time WISE and CC-1 entered.

    b.  Upon entering Studio-1, WISE and CC-1 each brandished firearms. Based on my training and experience, WISE brandished what appeared to be a nine millimeter handgun, and CC-1 brandished what appeared to be a revolver.

    c.  WISE and CC-1 then instructed the Studio-1 Victims to lay on the floor. In addition, CC-1 struck Employee-1 on the head with his firearm.

    d.  WISE and CC-1 stole numerous items from the Studio-1 Victims, including cellphones, cash, and personal items. In addition, WISE and CC-1 stole a jar containing marijuana. According to Employee-1, this marijuana was sold to Studio-1's patrons.

6. Based on my review of notes of an interview of Employee-1, and my discussions with other law enforcement officers, I have learned, in substance and in part, that after EDDIE WISE, the defendant, and CC-1 robbed Studio-1 and the Studio-1 Victims, they left Studio-1 through the front door. Employee-1 followed WISE and CC-1 and saw them get into Vehicle-1 and drive away. Thereafter, Employee-1 got into Vehicle-2 and pursued WISE and CC-1. During the course of this chase, a firearm was discharged from Vehicle-1 at Employee-1, which penetrated Vehicle-2's windshield and struck Employee-1 in the shoulder.

7. Based on my review of records documenting NYPD's inspection of Vehicle-2, I have learned, in substance and in part, that the windshield of Vehicle-2 had a hole in it consistent with the size of a bullet. In addition, the NYPD retrieved the bullet that struck Employee-1.

8. I know from my involvement in this investigation that the Studio-1 robbery was reported in the news, which included clear video footage showing the face of the person later identified as EDDIE WISE, the defendant.

9. Based on my review of NYPD records and my discussions with another NYPD Detective ("Detective-1"), I know that on or about November 15, 2019, an individual ("Individual-1") reported to the NYPD that Individual-1 had seen the news reports of the Studio-1 robbery and believed that the person whose face was not covered in the footage was Individual-1's neighbor ("Neighbor-1"), who resides in Individual-1's apartment building ("Building-1"). Individual-1 did not know Neighbor-1's name, but provided Detective-1 with Neighbor-1's address ("Neighbor-1's Address"). Detective-1 subsequently ran Neighbor-1's Address in a law enforcement database. Based on this review, Detective-1 learned that Neighbor-1's Address was provided by EDDIE WISE, the defendant, as WISE's home address during a prior arrest in January 2019. When Detective-1 showed Individual-1 a photograph of WISE taken from the January 2019 arrest ("Photograph-1"), Individual-1 identified the person in Photograph-1 as Neighbor-1, whom Individual-1 recognized as one of the robbers from the video footage of the Studio-1 robbery.

10. On or about November 20, 2019, Detective-1 spoke to another resident ("Individual-2") of Building-1 and showed Individual-2 a still image from the video footage of the Studio-1 robbery and Photograph-1. Individual-2 identified the individual in Photograph-1 and the still image from the Studio-1

4

robbery as the person residing at Neighbor-1's Address, i.e., WISE's home address.

11. I have reviewed video footage from Building-1 in the hours leading up to the November 13, 2019 robbery of Studio-1. Among other things, that footage shows an individual leaving Building-1 before the Studio-1 robbery wearing a jacket with a distinctive zipper and sneakers with distinctive stripes resembling the jacket and sneakers described in paragraph 6(a) of this Complaint. Based my review of Photograph-1 of EDDIE WISE, the defendant, video footage of Building-1 prior to the Studio-1 robbery, and video footage of the Studio-1 robbery, I believe that WISE is the individual in the footage of Building-1 and one of the robbers involved in the Studio-1 robbery.

12. I have learned, in substance and in part, from my discussions with law enforcement agents that on or about the morning of December 10, 2019, officers of the NYPD were conducting an arrest related to a separate matter at an apartment ("Apartment-1"). During this operation, NYPD officers encountered EDDIE WISE, the defendant, at Apartment-1. In addition, NYPD officers recovered from Apartment-1 the following items: a nine millimeter handgun similar to the handgun brandished by WISE; a revolver similar to the revolver brandished by CC-1; and the jacket with the distinctive zipper similar to the jacket worn by WISE.

WHEREFORE, the deponent respectfully requests that EDDIE WISE, the defendant, be imprisoned or bailed, as the case may be.

_____
JOSÉ CHEVERE
Detective, NYPD
Task Force Officer, NYPD-ATF Joint Robbery Task Force

Sworn to before me this
11th day of December 2019

_____
HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York