

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 13, 2021

**BY ECF**
The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl St.
New York, N.Y. 10007

Re:   *United States of America v. Eddie Wise*, 20 Cr. 16 (VM)

Dear Judge Marrero:

The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for July 22, 2021 at 10:30 a.m. In their plea agreement, the parties stipulated that the applicable United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") range is 70 to 87 months' imprisonment (the "Stipulated Guidelines Range"). For the reasons set forth below, the Government submits that a sentence within the Stipulated Guidelines Range would be appropriate in this case.

## Background

### A.   Offense Conduct

On February 16, 2021, the defendant pleaded guilty to conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951. That conviction stems from the defendant's participation in an armed robbery of a music recording story ("Studio-1") in the Bronx on or about November 13, 2019, much of which was captured by Studio-1's security cameras.

Shortly before midnight, the defendant and his co-conspirator ("CC-1") entered Studio-1. Once inside, both brandished firearms. CC-1 pistol whipped one of Studio-1's employees ("Victim-1"), and upon entering, ransacked Studio-1's back office for cash and studio equipment. Meanwhile, the defendant—who appeared to be acting at CC-1's direction—kept guard in the main room of Studio-1, ensuring that its patrons stayed seated on the ground. While brandishing his firearm, the defendant stole a jar of marijuana and helped CC-1 collect cash, belts and cellphones from Studio-1's patrons. PSR ¶ 12. Screenshots depicting the defendant's participation in the robbery are included below:



After the defendant and CC-1 left Studio-1, Victim-1 chased after them by car. As Victim-1 chased after them, gun shots were fired at Victim-1, striking Victim-1's shoulder. Fortunately—and fortuitously—Victim-1's injuries were minor. PSR ¶ 13.

### B. Guidelines Calculation

As set forth in the parties' Plea Agreement and the PSR, the base offense level is 20. PSR ¶¶ 6, 20. The base level was enhanced by 10 points because the offense involved: (1) the discharge of a firearm (7 levels); (2) bodily injury to a victim (2 levels); and (3) theft of a controlled substance (1 level). PSR ¶¶ 6, 21-23. Accounting for acceptance-of-responsibility, the total offense level is 27. PSR ¶¶ 6, 31.

The parties further calculated one criminal history point for the defendant, placing him in Criminal Category I. Accordingly, the Stipulated Guideline Range in the plea agreement is 70 to 87 months imprisonment.

The PSR arrives at a higher Guidelines range—78 to 97 months' imprisonment—by calculating two criminal history points for the defendant's December 2, 2015 conviction for conspiracy. PSR ¶¶ 34, 69. According to Probation, that conviction resulted in a six-month term of imprisonment.

## **Discussion**

### A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Sentence Within the Stipulated Guidelines Range is Appropriate in this Case.

In this case, the Government believes that a sentence within the Stipulated Guidelines Range would achieve the goals of sentencing and appropriately balance the factors considered pursuant to Section 3553(a).

The nature, circumstances, and gravity of this offense counsel in favor of a sentence within the Stipulated Guidelines Range. The defendant perpetrated an exceptionally brazen and dangerous crime: he participated in an armed robbery of a music recording studio, which led to a non-fatal shooting. That no one was seriously injured or killed as a result of the defendant's crime was purely fortuitous. A sentence within the Stipulated Guidelines Range is therefore necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. It is further necessary for general deterrence, to make clear that armed robberies like the crime the defendant committed will result in significant terms of imprisonment.

Furthermore, the defendant's criminal history and the disciplinary infractions he has incurred during pretrial incarceration counsel for a substantial sentence. At age 24, the defendant has already incurred four criminal convictions, including the instant offense. While incarcerated at the MDC, the defendant has incurred two disciplinary infractions for possessing a dangerous weapon. This criminal history and disciplinary history while incarcerated does not give the Government confidence that a below-Guidelines sentence would be sufficient to protect the public from the defendant's crimes or specifically deter the defendant from future crimes.

### C. Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the Stipulated Guidelines Range would be fair and appropriate in this case.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: _____
Rushmi Bhaskaran
Assistant United States Attorney
(212) 637-2439

cc:   Julia Gatto, Esq.